**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**RANDAL BROADAWAY** **PLAINTIFF**

**V.** **NO. 3:26-CV-00034-JTK**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# ORDER

## I. Introduction:

Plaintiff, Randal Broadaway ("Broadaway"), applied for disability benefits on February 5, 2021. (Tr. at 127). In the application, Broadaway alleged disability beginning on June 8, 2020. *Id*. The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Broadaway was not disabled. (Tr. at 127-139). The Appeals Council remanded the ALJ's decision for further review, instructing the ALJ to specifically address and discuss the opinions of state-agency reviewing medical experts Kristin Jarrard, M.D., and Jerry Thomas, M.D. (Tr. at 145-148).

After a second hearing was held, the same ALJ found, on February 14, 2025, that Broadaway was not disabled. (Tr. at 24-36). The Appeals Council found no basis for changing the ALJ's decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Broadaway has requested judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

## II. **The Commissioner's Decision:**

Broadaway meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. at 27). The ALJ found that Broadaway had not engaged in substantial gainful activity since the alleged onset date of June 8, 2020.[2] *Id*. At Step Two, the ALJ found that Broadaway has the following severe impairments: disorder of the spine, sensory polyneuropathy, obesity, and mood disorder with anxiety. *Id*.

At Step Three, the ALJ determined that Broadaway's impairments did not meet or equal a listed impairment.[3] (Tr. at 27-30). Before proceeding to Step Four, the ALJ determined that Broadaway had the residual functional capacity ("RFC") to perform work at the medium exertional level, with some additional limitations: (1) must avoid workplace hazards such as working at unprotected heights, around

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

moving or dangerous machinery, or driving a vehicle; (2) can perform work where interpersonal contact is routine but superficial, and the complexity of tasks is learned by experience, involves several variables, and uses judgment within limits; and (3) the supervision required is little for routine but detailed for non-routine tasks. (Tr. at 30).

At Step Four, the ALJ determined that Broadaway is unable to perform any past relevant work. (Tr. at 34-36). Utilizing the testimony of a Vocational Expert ("VE"), the ALJ next determined that, based on Broadaway's age, education, work experience, and RFC, he was able to perform a number of jobs in the national economy. *Id*. Therefore, the ALJ concluded that Broadaway was not disabled. *Id*.

## III. **Discussion**:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record

> for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Broadaway's Arguments on Appeal

Broadaway contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. Specifically, he argues that: (1) the ALJ erred at Step Two; (2) the ALJ erroneously evaluated medical opinion evidence; (3) the RFC did not incorporate all of Broadaway's limitations; and (4) the ALJ did not properly evaluate Broadaway's subjective complaints. The Court agrees that the ALJ erred in

his evaluation of state-agency medical opinions.

C. The ALJ's evaluation of medical opinions

The ALJ failed to follow relevant agency regulations and also failed to follow the remand order from the Appeals Council in his evaluation of the state-agency medical opinions of Dr. Thomas and Dr. Jarrard.[4] (Tr. at 145-148). In 2021, Dr. Thomas reviewed the record and found that Broadaway could perform work at the medium exertional level with additional postural limitations. (Tr. at 105-110). In 2022, Dr. Jarrard found that Broadaway could perform medium work with limitations with respect to workplace hazards. (Tr. at 120-123). In its 2024 remand order, the Appeals Council instructed the ALJ to specifically evaluate these two opinions and give good explanations for his findings; the ALJ did not do so in the instant 2025 decision. (Tr. at 145-148). With boilerplate language, he found the

[4] On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence, abrogating the "treating physician rule" that had been in place. The new rules provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *See* 20 C.F.R. § 404.1520c(a)-(c), 416.920c(a-c) (2017). Instead, ALJs must focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. *See Austin v. Kijakazi*, 52 F.4th 723, 728-30 (8th Cir. 2022); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Phillips v. Saul*, No. 1:19-CV-00034-BD, 2020 WL 341519 *2 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

opinions persuasive, even though the opinions differed. (Tr. at 34). The ALJ did not even mention the names of Dr. Thomas or Dr. Jarrard; he merely stated that the opinions were persuasive because they were "consistent with the remainder of the evidence," and "the evidence of record supported [the ALJ's own] conclusion that the claimant is more limited than determined by the [state-agency] consultants." *Id.* This is conclusory. And there is no way to tell which opinion the ALJ is talking about because he did not mention either doctor.[5]

The ALJ did not cite to the medical evidence in his findings about these opinions, nor did he give sufficient explanation. *Id*. "Merely sprinkling" the persuasiveness discussion with the words consistency and supportability is not sufficient.[6]

Because the ALJ failed to follow either the agency regulations or the Appeals

---

[5] An ALJ must build "an accurate and logical bridge" from the evidence to his conclusions. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). Failure to do so frustrates meaningful review. *See St. Clair v. Colvin*, No. 2:12-04250-DGK-SSA, 2013 WL 4400832, at *5 (W.D. Mo. Aug 14, 2013) (adopting "logical bridge" analysis); *see also Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because the ALJ's factual findings at Step Three were insufficient for meaningful appellate review).

[6] *See Guess v. Kijakazi*, No. 4:20-cv-887-JTR 2021 WL 5983193 at *9 (E.D. Ark. Dec. 17, 2021).

Four of Broadaway's treating providers opined that he was more limited in his RFC than Dr. Thomas or Dr. Jarrard did, but the ALJ found three of these opinions unpersuasive, again failing to give sufficient explanation for his findings. (Tr. at 33-34). In such a case, the ALJ was required to give a more fulsome explanation for why he preferred the stage-agency opinions.

Council's remand order, reversal is warranted.

## IV. <u>Conclusion</u>:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred in his treatment of the medical opinions and failed to follow the remand order instructions. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 29th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE